UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

DAVID PETERSEN, WAYNE
LITCHFIELD, CHRISTY OGRODOSKI,
LINDA JOHNSON, and WILLIAM COHEN,
individually and on behalf of all others
similarly situated,

                       Plaintiffs,

v.

CHASE CARD FUNDING, LLC, CHASE
ISSUANCE TRUST, and WILMINGTON
TRUST COMPANY, as Trustee of Chase
Issuance Trust,

                       Defendants.
───────────────────────────────────────────

REQUEST FOR
ADDITIONAL BRIEFING

19-CV-00741-LJV-JJM

       12 U.S.C. §25b(b)(1)(B) provides that "[s]tate consumer financial laws are preempted, only if . . . [the] law prevents or significantly interferes with the exercise by [a] national bank of its powers", and that "any preemption determination under this subparagraph may be made by a court, or by regulation or order of the Comptroller of the Currency on a case-by-case basis". Id. On November 21, 2019 the Comptroller of the Currency issued a Notice of Proposed Rulemaking, entitled "Permissible Interest on Loans that are Sold, Assigned, or Otherwise Transferred". 84 Fed. Reg. 64229-01; 2019 WL 6171028.

       Although the comment period on the proposed rule has not yet expired, I believe that the Comptroller's analysis is relevant to the determination of the pending motion to dismiss. Administrative agencies "have a unique understanding of the statutes they administer and an attendant ability to make informed determinations about how state requirements may pose an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Wyeth v. Levine, 555 U.S. 555, 577 (2009).

In addressing defendants' motion, I am entitled to consider "matters of which judicial notice may be taken", Hu v. City of New York, 927 F.3d 81, 88 (2d Cir. 2019), including "the contents of the Federal Register". Davila v. Gutierrez, 330 F. Supp. 3d 925, 934 (S.D.N.Y. 2018), aff'd, ___ Fed. App'x ___, 2019 WL 5250697 (2d Cir. 2019) (Summary Order). Accordingly, I intend to consider the Comptroller's analysis underlying the proposed rule, and I invite the parties' briefing concerning the relevance of that analysis on or before January 8, 2020.

Moreover, although District Judge Lawrence Vilardo granted the motion by the Bank Policy Institute and the Structured Finance Association for leave to file an *amicus* brief (*see* [26, 28, 44]), it does not appear that plaintiff was previously given the opportunity to formally respond to that brief [28-1]. If so inclined, he may do so by January 8, 2020.

**SO ORDERED.**

Dated: December 20, 2019

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge